In the Matter of the Application of STEWART BROWNE, Petitioner, for a Peremptory Order of Mandamus against THE CITY OF NEW YORK and Others, Respondents.

Supreme Court, Special Term, New York County, ——, —, ——.

**Municipal corporations — schools — State school moneys apportioned to New York city should not be deposited to credit of general fund — Greater New York charter, § 1102, was repealed by Education Law, §§ 490, 491-a and 880, subd. 1.**

State school moneys apportioned to New York city cannot be deposited by the chamberlain to the credit of the general fund of the city. Section 1102 of the Greater New York charter authorizing such disposition of the moneys has been repealed by subdivision 4 of section 491-a of the Education Law, as added by Laws of 1920, chapter 680, and amended by Laws of 1925, chapter 675, and section 490 and subdivision 1 of section 880 of the Education Law. The Education Law as changed prohibits the deposit of such moneys to the credit of the general fund.

It was proper for the board of education to deduct the estimated amount of school moneys coming from the State from the total appropriation to the board of education for school purposes, and in this respect the board of estimate and apportionment acted in accordance with the law with regard to the relationship existing between the board of education and the city.

APPLICATION for a peremptory order of mandamus.

*Solomon Sufrin*, for the petitioner.

*George P. Nicholson*, Corporation Counsel [*William E. C. Mayer* of counsel], for the respondents.

WASSERVOGEL, J. The petitioner has applied for the issuance of an order of mandamus directing the city authorities to credit

the State school moneys, which it is estimated the State Commissioner of Education w ll apportion to the city of New York out of the moneys appropriated by the Legislature for the support of the common schools, to the general fund for the reduction of taxation in the city of New York. The petitioner relies upon section 1102 of the Greater New York charter, which provides: " Whenever the city clerk shall receive notice from the state superintendent of public instruction of the amount of moneys apportioned to The City of New York for the support and encouragement of common schools therein, he shall immediately lay the same before the board of aldermen of said city; and the chamberlain of the said city shall apply for and receive the school moneys apportioned to the said city as soon as the same become payable, and place the same in the city treasury, to the credit of the general fund for the reduction of taxation."

This provision, in so far as it relates to directing the chamberlain to place school moneys apportioned to the city " in the city treasury to the credit of the general fund for the reduction of taxation," was repealed by Laws of 1920, chapter 680, which added subdivision 4 to section 491-a of the Education Law, reading as follows: " 4. The apportionments of additional teachers' quotas provided for in this section are for the purpose of aiding city, union free and common school districts in paying the increased salaries of teachers as herein provided, and the sums so apportioned to such city, union free and common school districts shall be applied for such purpose and *such sums shall not in any case be placed in the city treasury of any city to the credit of the general fund of such city for the reduction of taxation therein, notwithstanding any provision to the contrary* contained in the charter of such city or in any act relating to such city or in any general, special or local act."

This subdivision 4 was amended by Laws of 1925, chapter 675, to include the quotas in section 491-b, which latter section was amended by the Laws of 1927, chapter 572. The act of 1927 produces the item of $14,000,000, mentioned in the affidavit of the auditor of the board of education as the amount allotted by the board of education for increasing salaries of members of the supervising and teaching staffs, etc. Section 490 of the Education Law provides that money appropriated by the Legislature in support of the common schools and which have been apportioned as provided in article 18 of the Education Law shall be used exclusively for the payment of teachers' salaries. Subdivision 1 of section 880 of the Education Law (added by Laws of 1917, chap. 786) provides: " 1. Public moneys apportioned to a city by the state and all funds raised or collected by the authorities of a city for school purposes or to be used by the

board of education for any purpose authorized in this chapter, or any other funds belonging to a city and received from any source whatsoever for similar purposes, *shall be paid into the treasury of such city and shall be credited to the board of education.*"

From the various statutes referred to the conclusion is reached that the provisions of section 1102 of the Greater New York charter are repealed. It was proper for the board of education to deduct the estimated amount of school moneys coming from the State from the total appropriation to the board of education for school purposes, and in this respect in making up the budget for 1928, the board of estimate acted in accordance with law with regard to the relationship existing between the board of education and the city. To have placed the State school moneys in the general fund for the reduction of taxation would have resulted in a conversion of these moneys to a use of the city for which they are not intended.

Application for a peremptory order of mandamus denied.